| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|
| United States Marshals Service | *See "Instructions for Service of Process by U.S. Marshal"* |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States | 22-CR-458 (LDH) |
| **DEFENDANT** | **TYPE OF PROCESS** |
| Jin Hua Zhang | Preliminary Order of Forfeiture |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
225 Cadman Plaza East, Brooklyn, New York 11201

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | |
|---|---|---|
| JOSEPH NOCELLA, JR. United States Attorney - Eastern District of New York<br>271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201<br>Attn: Michael J. Castiglione AUSA / Erik Hertel, ProMinds Records Examiner | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Pursuant to the Preliminary Order of Forfeiture dated November 6, 2025, please please deposit funds in the amount of $191,816.49 into the SADF pending further instructions. Citibank Check No. 880026102 dated 11/14/2025 ($191,816.49).

CATS ID #: 26-FBI-000758

SADF

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|
| *Michael J. Castiglione by AP* | (718) 254-7533 | 12/4/2025 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk | Date 12/4/2025 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date 12/5/25 | Time | ☐ am<br>☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | | Signature of U.S. Marshal or Deputy | |

*Costs shown on attached USMS Cost Sheet >>*

**REMARKS**

$191,816.49 deposited into SADF on 12/5/2025.

01:2022-CR-00458-1

Form USM-285
Rev. 03/21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JIN HUA ZHANG,
    also known as "Yulong Chen"
    and "Yun Ye,"
               Defendant.

- - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF FORFEITURE

22-CR-458 (LDH)

WHEREAS, on or about November 16, 2023, Jin Hua Zhang, also known as "Yulong Chen" and "Yun Ye" (the "defendant"), entered a plea of guilty to the offenses charged in Counts One, Eight, Ten, Eleven, Twenty-Seven, and Twenty-Eight of the above-captioned Indictment, charging violations of 18 U.S.C. §§ 371, 1028A(a)(1), 1349, and 1956(h);

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2), and 982(a)(6)(A), and 28 U.S.C. § 2461(c) the defendant has consented to the entry of a forfeiture money judgment in the amount of one million three hundred forty-one thousand six hundred twenty-three dollars and six cents ($1,341,623.06) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Subject Assets"):

    (i)    any and all representations of cryptocurrency wallets or their constitutive parts, whether in electronic or physical format, to include "recovery seeds" or "root keys" which may be used to regenerate a wallet, including but not limited to the seedphrases: aim, bind, merry, ****, ****, ****, ****, ****, ****, ****, ****, and ****, recovered on or about October 13, 2022, in Staten Island, New York (the "Cryptocurrency");

  (ii) all funds, up to an amount of three hundred eighty-six thousand eight hundred dollars and zero cents ($386,800.00) on deposit in Citigold bank account number 6874464700 held in the names of Qiu Xiang Huang and Yanxian Zhang, and all proceeds traceable thereto (the "Citigold Account"); and

  (iii) approximately one hundred five thousand five hundred dollars and zero cents ($105,500.00), seized from the defendant's residence on or about October 13, 2022, in Staten Island, New York,

as: (a) any property, real or personal, involved in the defendant's violations of 18 U.S.C. § 371, to wit, conspiracy to operate an unlicensed money transmitting business, and 18 U.S.C. § 1956(h), or any property traceable to such property; (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1349, to wit, conspiracy to commit bank fraud; (c) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1349, to wit, conspiracy to commit wire fraud, 18 U.S.C. § 1343; (d) any conveyance, including any vessel, vehicle, or aircraft used in the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to commit passport fraud; (e) any property, real or personal (i) that constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to commit passport fraud; and (ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to commit passport fraud; and/or (f) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

  WHEREAS, the defendant acknowledges that, even though the Citigold Account is held in the name of Qiu Xiang Huang and Yanxian Zhang, the funds in the Citigold Account constitute property subject to forfeiture; and

WHEREAS, Citibank, is hereby commanded to liquidate all funds, up to an amount of three hundred eighty-six thousand eight hundred dollars and zero cents ($386,800.00) on deposit in the Citigold Account and transfer those funds as directed by the duly authorized law enforcement agents, officers, or contractors of the Federal Bureau of Investigation.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2), 982(a)(6)(A), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Assets. The forfeiture of the Subject Assets shall be credited towards the Forfeiture Money Judgment.

2.      All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing (the "Due Date").

3.      Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and

(c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4. In addition, the defendant agrees forfeit all right, title, and interest in the Citigold Account and Citibank is directed to liquidate all funds, up to an amount of three hundred eighty-six thousand eight hundred dollars and zero cents ($386,800.00) on deposit in the Citigold Account and transfer those funds as directed by the duly authorized law enforcement agents, officers, or contractors of the Federal Bureau of Investigation.

5. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

6. Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of

the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Assets to the United States. Further, if any third party files a claim to the Subject Assets, the defendant will assist the government in defending such claims. If the Subject Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and

equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

10. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

12. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

14. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Alfred Pelargu, FSA Senior Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
        November 6, 2025

SO ORDERED:

**s/ LDH**
HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK